E-FILED
Thursday, 12 August, 2010  11:24:26 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert I. Sherman, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| State of Illinois; Pat Quinn, Governor; Rod | ) | |
| Blagojevich, former Governor; Warren Ribley, | ) | |
| Director, Illinois Department of Commerce and | ) | |
| Economic Opportunity; Jack Lavin, former Director | ) | |
| of Illinois Department of Commerce and Economic | ) | |
| Opportunity; Friends of the Cross, Inc.; Jeff J. | ) | |
| Lingle, President, Friends of the Cross; Rev. Bill | ) | |
| Vandergraph, former President of Friends of the | ) | |
| Cross, | ) | |
| Defendants. | ) | Injunctive Relief Sought |

## COMPLAINT

Plaintiff, Robert I. Sherman, complains as follows:

## I.  PRELIMINARY STATEMENT

1.  A giant private Christian cross, known as Bald Knob Cross, near Alto Pass, Illinois, became dilapidated.  .

2.  The Illinois Department of Commerce and Economic Opportunity, despite the rather obvious religious purpose of maintaining a giant Latin Christian cross on private property, sent the sum of $20,000.00 to Friends of the Cross, to be spent on replacement and installation of exterior panels of the cross.

3.  Plaintiff Robert I. Sherman is an atheist, law abiding and tax paying citizen of Illinois and of the United States of America who asserts that the Establishment Clause of the First Amendment does not allow public money to be spent on Christian crosses.

4.  This is an action for declaratory and injunctive relief for violations of the Establishment Clause of the First Amendment to the United States Constitution, Article I, Section 3, and Article X, Section 3, of the Illinois Constitution, and mandamus.

## II.  JURISDICTION AND VENUE

5.  Jurisdiction arises under 28 U.S.C. §1331 and 1343(3).  The remaining claims arise from the same transaction, and are so closely related to the foregoing as to create supplemental jurisdiction as contemplated by 28 U.S.C. §1367(a).  Venue is appropriate in this district as contemplated by 28 U.S.C. §1391(b).  Declaratory and injunctive relief are authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201 and 2002.

## III.  BACKGROUND

### A. *Parties*

6.  Robert I. Sherman is a citizen of Illinois and of the United States of America.  He has standing to challenge the State's violations of the Establishment Clause under Flast v. Cohen, 392 U.S. 38, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), as reaffirmed by Hein v. Freedom from Religion Foundation, Inc., 551 U.S. ---, 127 S.Ct. 2553, 168 L.#d.2d 424 (2007).  His constitutional rights are being violated by the State's disregard of the prohibitions of the Establishment Clause.

7.  Defendant State of Illinois enabled, and in all relevant times administered, through one of its agencies, the unlawful financial support of the cross restoration, in violation of the Establishment Clause and Article I, Section 3, and Article X, Section 3, of the Illinois Constitution.

8.  Defendant Illinois Department of Commerce and Economic Opportunity is a state agency that entered into a contract with Friends of the Cross and transferred the sum of $20,000.00 of public funds to Friends of the Cross for the restoration of Bald Knob Cross.

9.  Defendant Pat Quinn is the Governor of the State of Illinois.  Under his aegis the policies and actions of the State of Illinois are set, continued, and directed, and, as such, he is a policy maker and supervisor with respect to the conduct alleged in this Complaint.

10.  Defendant Rod Blagojevich is the former Governor of the State of Illinois.  The unconstitutional transfer of public funds to Friends of the Cross took place during his tenure as Governor of the State of Illinois, during which he set, continued, and directed policies and actions of the State of Illinois, and was a policy maker and supervisor with respect to the conduct alleged in this Complaint.

11.  Defendant Warren Ribley is the current Director of the Illinois Department of Commerce and Economic Opportunity.  Under his aegis the policies and actions of his department are set, continued, and directed, and, as such, he is a policy maker with respect to the conduct alleged in this Complaint.

12.  Defendant Jack Lavin is the former Director of the Illinois Department of Commerce and Economic Opportunity.  The unconstitutional transfer of public funds to Friends of the Cross took place during his tenure as Director of the Department, during which

he set, continued, and directed policies and actions of the Department, and was a policy maker and supervisor with respect to the conduct alleged in this Complaint.

13.  Friends of the Cross, Inc., is an Illinois corporation, currently holding $20,000.00 of public funds, given to it for the sole stated purpose of replacing and installing the exterior panels on the cross.

14.  James J. Lingle is the current President of Friends of the Cross, Inc., and, on information and belief, has control over $20,000.00 of public funds, unconstitutionally provided to Friends of the Cross by the State Defendants.

15.  Rev. Bill Vandergraph is the former President of Friends of the Cross, Inc., and, on information and belief, had control over $20,000.00 of public funds, unconstitutionally provided to Friends of the Cross by the State Defendants.

### B. Facts

16.  In 2008, the State of Illinois appropriated the sum of $5,000,000.00, to be used for grants administered by the Department of Commerce and Economic Opportunity.

17.  Illinois Department of Commerce and Economic Opportunity was given the responsibility of administering grants out of the appropriated money to grantees that were specifically selected by the General Assembly.  Friends of the Cross was one such grantee.

18.  On June 28, 2008, the Department entered into a contract with Friends of the Cross, under which it provided the sum of $20,000.00 for restoration of the Bald Knob Cross.

19.  Under the terms of the contract, the portion of the restoration work on the cross that was to be paid for with public funds, was to be completed by March 31, 2010.

20.  On information and belief, as of the date of the filing of this Complaint, the portion of the restoration work on the cross that was to be paid for with public funds, has not been completed.

21.  On information and belief, no part of the funds provided to Friends of the Cross has yet been spent.  On information and belief, Friends of the Cross holds the $20,000.00 it received from the Department in a certificate of deposit.

22.  As part of their grant requirements, Friends of the Cross has falsely certified to the Department that the funds would not be used to advance the religious mission of the owner of the Bald Knob cross, Bald Knob Cross of Peace, Inc.

23.  Restoring the cross advances the religious mission of Bald Knob Cross of Peace, Inc., which is a primarily sectarian purpose.

24.  Such funding of the cross restoration also has the primary effect of advancing a particular religious sect, namely, Christianity; and such public funding of the restoration of this religious object results in an excessive entanglement between the State of Illinois and the Christian religion.

25.  The State Defendants, by engaging in unconstitutional conduct as enumerated above, are liable under 42 U.S.C. §1983 for these constitutional deprivations under color of state law because of their (1) actual direct participation in the constitutional violations, (2) failure to remedy a wrong after Plaintiff informed them of it, or constructively informed them of it, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, or (4) failure to act on information indicating that unconstitutional acts were occurring.

26.  Individual State Defendants incurred supervisor liability because during the relevant period they had either actual or constructive notice of the constitutional violation alleged in this Complaint and were therefore personally involved in unconstitutional conduct.

27.  Unless permanently enjoined, the State Defendants will continue to engage in unconstitutional conduct as described above.  Moreover, because the appropriation for Friends of the Cross was made in a non-transparent manner (whereby the General Assembly denominated the bill as referring to the Department of Aging, but, on the last day of the legislative session, amended it to pertain to the Department of Commerce and Economic Opportunity, while leaving the old "Department of Aging" designation in the bill's name, and had a committee hearing on the same last day of the legislative session, without sufficient public notice or opportunity to testify against the bill), as a result of this non-transparent appropriation process, the specific constitutional violation identified in this Complaint would be capable of repetition, yet evading review.

### IV. CLAIMS FOR RELIEF

#### Count I—Violation of Federal Constitution

__.  Plaintiff incorporates the foregoing facts in Count I.

__.  Plaintiff brings this suit under 42 U.S.C. §1983, to redress the deprivation, under color of law, of rights secured by the United States Constitution.

__.  By sending $20,000.00 of public money to Friends of the Cross, the State Defendants violated the Establishment Clause of the First Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

__.  As a result of the State Defendants' constitutional violation, Plaintiff has suffered a legally cognizable injury.  The State Defendants' violation of Plaintiff's First Amendment constitutional rights constitutes irreparable injury.  See Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547 (1976).

### Count II—Violation of Illinois Constitution

__. Plaintiff incorporates the foregoing facts in Count II.

__. The State Defendants' actions violated Article I, Section 3, and Article X, Section 3, of the Illinois Constitution.

__. As a result of the State Defendants' unconstitutional conduct, Plaintiff has suffered a legally cognizable injury for which there is no adequate remedy at law.  A continuing violation of the United States Constitution is a per se irreparable harm for injunction purposes under Illinois law.  Lucas v. Peters, 318 Ill.App. 1, 16, 741 N.E.2d 313, 325, 251 Ill.Dec. 719, 731 (1st Dist. 2000).

### Count III—Mandamus

__. Under the terms of the contract between the Department and Friends of the Cross, the Department is entitled to rescind the grant and require the repayment of the money to the Department, if the terms of the contract are not complied with.

__. The Department has a clear, nondiscretionary duty to obtain the return of the public funds subject to this law suit, both because the contract entitles it to do so, and because the underlying grant of public funds to Friends of the Cross was violative of the federal and state constitutions.

__. Despite being requested by Plaintiff to obtain the return of public funds, the Department has refused to discharge its contractual and constitutional duties.

### Count IV—TRO

__. Plaintiff requests that the Court issue a temporary restraining order enjoining Friends of the Cross from making this case moot by spending the money.  See Laskowski v. Spellings, 546 F.3d 822 (7th Cir. 2008).

## V.  DEMAND FOR RELIEF

Wherefore, Plaintiff requests that this Honorable Court grant him the following relief:

A.  Declare that the State Defendants violated the federal and state constitutions by giving a grant of $20,000.00 to Friends of the Cross for religious purposes;

B.  Grant Plaintiff a TRO, a preliminary and permanent injunction ordering Friends of the Cross to return the public funds it received in violation of the federal and state constitutions, and enjoining the State Defendants from engaging in the unconstitutional conduct enumerated above;

C.  Order the Department of Commerce and Economic Opportunity to request and obtain the return of the public funds unconstitutionally given to Friends of the Cross;

D.  Award Plaintiff his costs, including reasonable attorney fees under 42 U.S.C. §1988(b); and

E.  Grant Plaintiff any additional relief this Honorable Court considers appropriate and just.


**ROBERT I. SHERMAN**


s/ Dmitry Feofanov
Bar Number:  6224899
One of Attorneys for Plaintiffs
**CHICAGOLEMONLAW.COM, P.C.**
404 Fourth Avenue West
Lyndon, Illinois  61261
Telephone:  815/986-7303
Facsimile:  815/986-6653
Email:  Feofanov@ChicagoLemonLaw.com