UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| ROBERT I. SHERMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-3206 |
| STATE OF ILLINOIS, et al., | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

In August 2010, Plaintiff Robert I. Sherman filed a Complaint (#1) against the State of Illinois, Friends of the Cross, Inc., and other individual defendants in their official capacities. Plaintiff alleges a violation of the Establishment Clause. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged a constitutional violation.

On August 27, 2010, Plaintiff filed a Petition for a TRO or Preliminary Injunction (#11). On November 1, 2010, the State of Illinois and a number of other Defendants (hereinafter the "State of Illinois Defendants") filed a Motion to Dismiss (#18). On November 5, the Friends of the Cross, Inc. Defendants filed Defendants', Friends of the Cross, Inc. And James J. Lingle, Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Response to Plaintiff's Temporary Restraining Order (#24). Plaintiff has filed a response to each pending motion to dismiss (#26, #27). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the State of Illinois' Motion to Dismiss **(#18)** be **GRANTED**, and that the Friends of the Cross, Inc.'s motion to dismiss **(#24)** be **GRANTED**. This Court further recommends that Plaintiff's petition for a temporary restraining order or preliminary injunction **(#11)** be **DENIED** as **moot**.

## I. Background

The following background is taken from Plaintiff's complaint. Plaintiff alleges that a large private Christian cross located near Alto Pass, Illinois, known as Bald Knob Cross, became dilapidated. The Illinois Department of Commerce and Economic Opportunity (hereinafter the

"Department") provided a grant of $20,000 to Friends to the Cross, Inc., to be spent on replacement and installation of exterior panels of the cross. This sum came out of a $5 million legislative appropriation to the Department. Friends of the Cross, Inc. was specifically named by the General Assembly as an eligible grantee in the appropriation bill.

Plaintiff is an atheist, and he resides in and pays taxes to the State of Illinois. He asserts that the expenditure of public money on the Bald Knob Cross constitutes a violation of the Establishment Clause. He alleges that Friends of the Cross has falsely certified to the Department that the funds would not be used to advance any religious mission, when in fact restoring the cross would be undertaken primarily for a sectarian purpose.

Plaintiff brings action for declaratory and injunctive relief for violations of the Establishment Clause of the United States Constitution, as well as Article X, Section 3 of the Illinois Constitution. He also seeks mandamus to order the Department to rescind the grant and require Friends of the Cross to repay the money provided.

## II. Standard

The State of Illinois Defendants assert their motion to dismiss should be granted under FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. Defendants argue that Plaintiff lacks standing. A plaintiff seeking to invoke federal court jurisdiction must demonstrate: (1) an injury that is concrete, particularized, and actual or imminent; (2) a causal connection between the injury and the challenged conduct, such that the injury may be fairly traceable to that conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Perry v. Sheahan*, 222 F.3d 309, 313 (7th Cir. 2000). Where standing is challenged as a factual matter, a plaintiff who files in federal court bears the burden of supporting the allegations necessary for standing with competent proof. *Perry v. Village of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999). In addition to constitutional standing requirements, there are several judicially imposed limits on the exercise of federal jurisdiction, including the rule barring adjudication of generalized grievances. *O'Sullivan v. City of Chicago*, 396 F.3d 843, 853 (7th Cir. 2005). Courts have refused to recognize a generalized grievance against allegedly illegal government

2

conduct as sufficient for standing to invoke federal judicial power. *Id.* at 855 (quoting *United States v. Hays*, 515 U.S. 737, 743 (1995)). Individuals challenging governmental actions must have suffered a direct injury as a result of the allegedly unconstitutional action. *Id.* at 856.

Additionally, both motions to dismiss before this Court seek dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim. The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). Furthermore, if the plaintiff chooses to provide additional facts, beyond the short and plain statement required, plaintiff may plead himself out of court when the facts plaintiff provides demonstrate he has no claim. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to

circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).

### III. Analysis

The State of Illinois Defendants argue that Plaintiff lacks standing because any injury to him is a generalized grievance. All Defendants argue that even if Plaintiff had standing, the issue is moot because the grant money has already been transferred to Friends of the Cross, Inc. Finally, the State of Illinois Defendants assert that Plaintiff's claims are barred by the Eleventh Amendment.

*1. Standing*

Generally, federal taxpayers, in their capacity as taxpayers, lack standing in federal court. *Freedom From Religion Found., Inc. v. Nicholson,* 536 F.3d 730, 737 (7th Cir. 2008). This general rule also applies to state taxpayers seeking to challenge state tax or spending decisions simply by virtue of their status as taxpayers. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 346 (2006). As a narrow exception to this rule, an individual may bring a suit as a taxpayer alleging violation of the Establishment Clause when two conditions are met:

> First, the taxpayer must establish a logical link between that status and the type of legislative enactment attacked. Thus, a taxpayer will be a proper party to allege the unconstitutionality only of exercises of congressional power under the taxing and spending clause of Art. I, § 8, of the Constitution. It will not be sufficient to allege an incidental expenditure of tax funds in the administration of an essentially regulatory statute . . . . Secondly, the taxpayer must establish a nexus between that status and the precise nature of the constitutional infringement alleged. Under this requirement, the taxpayer must show that the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of congressional taxing and spending power and not simply that the enactment is generally beyond the powers delegated to Congress by Art. I, § 8.

*Flast v. Cohen*, 392 U.S. 83, 102-103 (1968). This exception also applies to state taxpayers challenging state expenditures under the Establishment Clause. *Hinrichs v. Speaker of House of Representatives*, 506 F.3d 584, 596-97 (7th Cir. 2007). *See also Sherman v. Quinn*, No. 10-3086, 2010 WL 3239468, at *3 (C.D. Ill. Aug. 16, 2010).

State of Illinois Defendants argue that Plaintiff does not satisfy the first condition articulated in the *Flast* test, and thus he lacks standing. Specifically, Defendants argue that the grant in question was made by the Department, in the executive branch, and it was not a legislative appropriation. General appropriations are not sufficient to create standing for a taxpayer: Only expenditures made pursuant to an express congressional mandate and a specific congressional appropriation meet the first condition of the *Flast* test. *Hinrichs*, 506 F.3d at 598. Plaintiff's complaint alleges that the Department administered the grants, but that the grantees were specifically selected by the General Assembly, and that Friends of the Cross was a designated grantee. (#1, p. 3, ¶ 17.) Plaintiff alleges that Friends of the Cross falsely certified to the Department that the funds would not be used to advance the religions mission of the owner of the Bald Knob Cross, Bald Knob Cross of Peace, Inc. (#1, p. 3, ¶ 22.)

This Court agrees with Defendants that the grant bestowed to Friends of the Cross was made by the executive branch, and not the legislative branch. On the face of Plaintiff's complaint, the Illinois General Assembly made a large appropriation for grants to the Department, and the Department had discretion in distributing those funds. A general appropriation that leaves discretion to the Department is not an express congressional mandate or a specific congressional appropriation. Therefore, the first condition articulated in *Flast* is not satisfied, and Plaintiff lacks standing. The Court further notes that finding otherwise in this circumstance would interpose the federal courts as "virtually continuing monitors of the wisdom and soundness" of state fiscal administration. *Hinrichs*, 506 F.3d at 598. Additionally, such judicial oversight of executive branch activities raises serious separation of powers concerns.

*See Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 611 (2007). Therefore, this Court recommends that the pending motions to dismiss be granted due to Plaintiff's lack of standing.

*2. Mootness*

Plaintiff alleges, on information and belief, that the grant funds provided to Friends of the Cross have not been spent, and that Friends of the Cross holds the funds in a certificate of deposit. (#1, p. 3, ¶ 21.) Defendants argue that Plaintiff's claim became moot when the grant money was disbursed, or alternatively, when the money was disbursed and spent by Friends of the Cross, Inc.

Defendants argue that Plaintiff's claim became moot when the Department disbursed grant funds to Friends of the Cross, Inc. Mootness is essentially the doctrine of standing set in a time frame: the requisite personal interest that must exist at the commencement of the litigation must continue throughout the existence of the litigation. *Laskowski v. Spellings*, 546 F.3d 822, 824 (7th Cir. 2008). In *Laskowski*, the Seventh Circuit considered whether a complaint brought by taxpayers was moot once grant money had been dispersed to a private entity. The Court reasoned that the answer to this question turned on what form of relief is available to taxpayer plaintiffs. The Seventh Circuit held that taxpayers may have standing for injunctive relief, but that is all. *Id*. At 827. Permitting a taxpayer to proceed against a private grant recipient for restitution to the Treasury as a remedy in an otherwise moot Establishment Clause case would be contrary to Supreme Court precedent. *Id.*

Plaintiff argues that his claim is not moot because it is capable of repetition, yet evading review. This exception to the mootness doctrine provides that a court may adjudicate a case that would otherwise be moot if two conditions are present: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again.

*Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990); *Protestant Mem. Med. Ctr., Inc. v. Maram*, 471 F.3d 724, 730 (2006). Plaintiff argues that his complaint is not moot because the General Assembly's appropriations process lacked transparency, and thus Establishment Clause violations capable of repetition yet evading review. Specifically, Plaintiff alleges the appropriation to Friends of the Cross was made in a bill amended on the last day of the legislative session, and that it was included in a bill with a misleading title. There was no sufficient public notice or opportunity to testify against the bill. (#1, p. 4, ¶ 27.)

This Court finds that, in light of the Seventh Circuit's clear and specific determination that Establishment Clause claims brought by taxpayers are moot once grant money has been dispersed, Plaintiff's arguments are unconvincing. Furthermore, the Court notes that the General Assembly made the appropriation in question in 2008, and the Department award the grant to Friends of the Cross on June 28, 2008. Plaintiff filed his complaint on August 27, 2010. This is inconsistent with Plaintiff's statement that it would be physically impossible for a taxpayer with *Flast* standing to sue to enjoin under the facts of this case. Thus, Plaintiff has not shown that this matter is capable of repetition yet evading review. Therefore, this Court recommends that the Defendants' motions to dismiss be granted because Plaintiff's claim is moot.

In the alternative, Defendants argue that Plaintiff's claim became moot when the grant money was disbursed and spent. The Court will not address this argument because Plaintiff has alleged that the funds have not been spent, and the Court will treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006). Defendants have attached some evidence to their motion that the funds were indeed spent. To consider this evidence, the court would need to convert the Defendant's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). However, the Seventh Circuit has suggested that such a conversion is only appropriate in limited circumstances, such as when a document submitted by a defendant is central to the litigation or

referenced in a complaint. *Id*. Therefore, the Court will not consider Defendants' evidence that the grant funds have been spent, and it will not reach Defendants' argument that assumes this factual basis.

*3. Eleventh Amendment*

The State of Illinois Defendants argue that the Eleventh Amendment bars suits against a state by its own citizens, that no exceptions apply to Plaintiff's claims, and therefore Plaintiff's claims are barred. Particularly with respect to Plaintiff's claim under the Illinois Constitution, Defendants note "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst State School & Hosp v. Halderman*, 465 U.S. 89, 106 (1984). Plaintiff does not respond to Defendants' arguments concerning the Eleventh Amendment.

Because this Court has already determined that Plaintiff lacks standing and that his claim is moot, the Court will not address Defendants' arguments concerning the Eleventh Amendment.

*4. Temporary Restraining Order*

Because this Court has recommended that Plaintiff's complaint be dismissed due to lack of standing, the Court also recommends that Plaintiff's Petition for a TRO or Preliminary Injunction (#11) be denied as moot.

## IV. Summary

For the reasons stated above, this Court recommends that the State of Illinois' Motion to Dismiss **(#18)** be **GRANTED**, and that the Friends of the Cross, Inc.'s motion to dismiss **(#24)** be **GRANTED**. This Court further recommends that Plaintiff's petition for a temporary restraining order or preliminary injunction **(#11)** be **DENIED** as **moot**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 10th day of December, 2010.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE